IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **GABRIEL B. HEMINGWAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-2834-JTF-tmp |
| | ) |
| **STATE AND FEDERAL GOVERNMENT,** | ) |
| | ) |
| Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On December 4, 2018, plaintiff Gabriel B. Hemingway filed a *pro se* complaint against "State and Federal Government."[1] (ECF Nos. 1.) Hemingway also filed a motion to proceed *in forma pauperis*, which the court granted on December 12, 2018. (ECF Nos. 2 & 7.) For the following reasons, it is recommended that Hemingway's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  PROPOSED FINDINGS OF FACT**

Hemingway's complaint names as defendants "State and Federal Government." (ECF No. 1.) He also appears to name "Court and law employees" and "Affiliates of court and law

___
[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

employees" as defendants. (Id. at 2.) Hemingway attaches over 30 pages to support his claim, including a narrative of events, and previous filings in the United States District, Bankruptcy, and Court of Appeals for the District of Columbia, and the United States Supreme Court. (Id. at 4-40.) As best as the court can tell, Hemingway's 19-page narrative appears to state that there is an ongoing attempt to murder him and that federal court and state employees are complicit in attempting to cover it up, or in failing to allow him to access the court system. At various points, he states that he has tried to "subpoena my family and find out who is trying to take my life," that he is a victim of "a hostage situation and my family has been cohearsed [sic] to comply with all demands of the people who are trying to take my life," and that "I was the first black man that made America believe that a black man could do something with the Presidency of the United States . . . ." (Id. at 5, 6, 8.) It appears that Hemingway previously filed a similar complaint in the United States District Court for the District of Columbia which was dismissed for lack of subject matter jurisdiction. (Id. at 35.) His subsequent appeal and petition for writ of certiorari were apparently unsuccessful. (Id. at 31, 36-39.)

## II.  PROPOSED CONCLUSIONS OF LAW

**A.  Legal Standard**

- 2 -

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal

- 3 -

Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.    Failure to State a Claim**

The undersigned submits that Hemingway has failed to state any plausible claim for relief. Furthermore, Hemingway's rambling complaint does not comply with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint contain a short and plain statement showing that the pleader is entitled to relief. He cites no statute and nor does he identify any basis for a claim in this court. Thus, the complaint and its attachments do not indicate in any way what wrong occurred, and who is liable for such wrong. Even liberally construed, see Williams, 631 F.3d at 383, the complaint is wholly devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369.

**C.    Subject Matter Jurisdiction**

Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly

- 4 -

baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Hemingway's claims are wholly devoid of merit. Accordingly, dismissal for lack of subject matter jurisdiction is likewise appropriate.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaints be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 12, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**