# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| GABRIEL B. HEMINGWAY, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     Case No. 2:18-cv-02834-JTF-tmp |
| | ) |
| STATE AND FED. GOV'T, | ) |
| | ) |
|     Defendants. | ) |

_____

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING CASE, AND DENYING OBJECTIONS
_____

Before the Court is Plaintiff Gabriel B. Hemingway's *pro se* Complaint against Defendants "State and Federal Government" filed on December 4, 2018. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis*, which was granted on December 12, 2018. (ECF No. 7.) The Magistrate Judge, upon screening Plaintiff's Complaint, entered a Report and Recommendation suggesting dismissal of the Complaint for failure to state a claim and lack of subject matter jurisdiction. (ECF No. 8.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on December 27, 2018. (ECF No. 9.) For the reasons below, the Court ADOPTS the Magistrate Judge's Report and Recommendation to DISMISS Plaintiff's Complaint and DENIES Plaintiff's Objections.

## I.    FINDINGS OF FACT

In their Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 8, 1–2.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. However, "Overly general objections do not satisfy the objection requirement."

*Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

   A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

   B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore

3

be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## III. ANALYSIS

The Court agrees with and adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction. As found by the Magistrate, Plaintiff's Complaint fails to state a claim because it does not contain a short and plain statement showing an entitlement to relief in accordance with Fed. R. Civ. P. 8(a), does not cite any statute or legal authority as a basis for the claims, and is devoid of facts that would "allow[] the [C]ourt to draw the reasonable inference that [D]efendant[s are] liable for the misconduct alleged." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Moreover, the Court adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Here, the allegations of Plaintiff's Complaint lack merit, (ECF No. 8, 5), and are unsubstantial. Accordingly, dismissal for lack of subject matter jurisdiction is appropriate.

Objections

Plaintiff filed a document titled "Comments and Needed Information", which this Court construes as Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 8.) Upon review of the Objections, the Court finds that the assertions therein are overly general and not particularized because they do not specify a single issue of contention with the Magistrate's Report and Recommendation. Instead, the Objections appear to add factual assertions to Plaintiff's allegations and generally question why the Magistrate did not consider or give credence to certain allegations. Thus, Plaintiff's Objections should be DENIED.

### IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's Complaint, and thus this action, in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Additionally, the Court **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED** on this 15th day of February 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge